**Order entered December 22, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01493-CV

### MICHAEL GAY COOK, Appellant

### V.

### CAROLINE D. COOK, Appellee

**On Appeal from the County Court at Law
Rockwall County, Texas
Trial Court Cause No. CI15-070**

## ORDER
Before Justices Lang, Fillmore and Brown

Before the Court is Appellant's December 22, 2015 Application for Restraining Order in which appellant requests that the Court prohibit appellee from enforcing the trial court's writ of possession for the property that is the subject of this appeal. On December 10, 2015, appellant filed a motion in this Court to reduce supersedeas bond contending that the trial court had set the supersedeas bond at $1800, an amount he could not pay and that would cause him substantial economic harm. Because the clerk's record filed in the appeal did not contain an order setting the amount of supersedeas bond, on December 14, 2015, we ordered the Rockwall County Clerk to file a supplemental clerk's record containing a copy of the order setting supersedeas bond or written verification that such an order could not be located. On December 15, 2015, the

Rockwall County Clerk responded that the clerk's office could not locate an order from the trial court setting a supersedeas bond. By letter dated December 21, 2015, the official court reporter of the Rockwall County Court at Law advised the Court that there was no hearing setting a supersedeas bond in the case and that it was her understanding that no motion has been filed requesting the setting of a supersedeas bond. Appellant also has not included a copy of any order setting the supersedeas bond in support of either his motion to reduce supersedeas bond or his application for temporary restraining order.

Under the Texas Property Code, the judgment of the county court granting a writ of possession may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the trial court's judgment, the appellant files a supersedeas bond in the amount set by the county court. TEX. PROP. CODE ANN. § 24.007 (West 2014); TEX. R. CIV. P. 510.13. The record before the Court does not reflect that appellant has filed a supersedeas bond in the amount determined by the county court. Accordingly, we lack the authority to grant the relief requested. We **DENY** appellant's application for temporary restraining order.

/s/ ROBERT M. FILLMORE
   JUSTICE